THE FIRST NATIONAL BANK OF FREEHOLD, APPELLANT, v. ABBIE M. RUTTER, RESPONDENT.

Submitted March 21, 1918—Decided June 5, 1918.

Defendant, a married woman, executed a promissory note for the benefit of her brother and which he discounted at the plaintiff bank. It bore the words "value received. For my own use and benefit" on the face; but in fact she received no benefit of it and the bank officials, as the jury could find, knew this before advancing money on it. *Held*, (1) that there was no basis for a claim that defendant was estopped from denying that her separate estate was benefited; (2) that the hope of bettering her brother's financial affairs by the proceeds of the note, so that he might perhaps repay other moneys that he owed her, was not the "benefit" to her contemplated by the statute.

On appeal from the Monmouth Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the appellant, *Vredenburgh & Vredenburgh* and *Samuel C. Cowart.*

For the respondent, *John S. Applegate.*

The opinion of the court was delivered by

PARKER, J. Defendant is a married woman.

The action is upon a promissory note signed by her and made to the order of her brother John T. McChesney, to

whose credit the proceeds were placed, defendant not getting any of the money so raised. The jury found a verdict for defendant and plaintiff appeals.

The special facts of the case are as follows:

Defendant is a married woman running a little business of her own. Her brother, McChesney, wished to borrow money from the plaintiff bank, which refused to discount his note. Then he asked the bank people if they would lend on his sister's note and they said they would. The note was drawn with defendant as maker, to the order of McChesney and endorsed by him and discounted to his account. The assistant cashier said in his testimony that he knew Mrs Rutter was not getting the proceeds of the note at the time they were placed to McChesney's credit. The bank officials knowing the dangers of a married woman's paper, wrote on the note after the words "value received" the further words "for my own use and benefit." Mrs. Rutter swore that she saw those words, but that she received no benefit from the making of the note, that it was purely for her brother's accommodation, and that the statement on the note was false. It was a jury question on the evidence whether the bank people knew or had reason to know that she was receiving no benefit from the note.

In this condition of things the question of law raised at the trial was whether she was estopped by the statement on the note from denying that she received any benefit for the use of her separate estate. Defendant claimed that she being disabled by law from contracting for her brother's sole benefit, could not enable herself by any false statement of fact; and, admitting that she could, plaintiff knew the actual facts, and hence no estoppel arose. The trial judge left it to the jury to say whether the bank was deceived by the words on the note or put them there only to make the paper apparently good; and the jury evidently found that the bank officers knew that she was only an accommodation maker. So, the question whether she could estop herself is one that in this case we need not pass upon; for if the bank officers knew the words were false they were not entitled to

advance money on her account as if they believed them true.

It is suggested that she did get some benefit for her separate estate by the signature because she knew her brother was, in financial difficulties and would be in a better position to look after his debts, including one that he already owed her. But this, in our judgment, is altogether too remote and shadowy to be considered as coming within the description of "money, property or other thing of value for her own use or for the use, benefit or advantage of her separate estate" that the statute mentions. In fact, it is against just such transactions as this that the law is intended to guard.

This disposes of the fundamental points in the case. The other minor points discussed in the brief are either not properly before us or are not such as to require special mention. We find no error properly brought up that should lead to a reversal, and the judgment is therefore affirmed.